I ought to be wearing my reading glasses this morning. Thank you. Uh Salinas versus Ramsey. Okay, uh, Mr. Sheskin, Mr. Sheskin, I'm sorry for me it's just a tongue twister. I'll do my best. For everyone it is. I appreciate you doing your best. Good morning and may it please the court. I believe that the problem is that's led to some misinterpretation is that Brushen and Kissel are not actually at odds. The Brushen court certifies a conflict with the Kissel court but when you read that certification and context they disagree with the Kissel court because the Kissel decision is a decision about mandamus as an enforcement mechanism to collect on a federal judgment in state court. The Brushen decision is directly on point and it deals with post-judgment discovery through the use of a writ garnishment in which the bank is asked how much money is in the account and can we seize that money. I believe that the Brushen court oversteps when it says we certify a question with Kissel because the question that the Brushen court was asked was never whether mandamus was a remedy available to litigants within a certain period of time and I think the cases are incredibly distinguishable on that point. It looks to me like our precedents where we're trying to say what we now have this Florida intermediate appellate court decision that basically says that we are wrong about it and we certified that question but it didn't get resolved because of settlement and it just seems to me to clear up the matter that the right and proper thing to do is to certify that question to the Supreme Court of Florida and have them decide it. What about that? I think you're the last person that I would ever argue that comedy is the foundation of democracy too. However, I believe at the same time when an issue of Florida law. I'm the last person you would make that argument to. I don't understand that. I wouldn't argue against states' rights to your honor but I believe that in this particular case the court can rule on this subject because I believe the Florida law is clear. I know we can but it appears to me I think that Florida intermediate appellate court decision about what is an action on a judgment looks right. The fourth district court. Yeah, that looks right to me. Your honor, because they agree with me, I would be quite silly to argue to you that they're wrong or that you're wrong. But the problem with that is that I have prior panel precedent that really goes the other way and to me the easy way to resolve the problem is to send the issue to the court that has the real authority. I mean all we can say is even if we could kind of ignore our prior panel precedent, we would have to say we think that what the fourth district said was what we would expect the Florida Supreme Court to say. Why not just have the Florida Supreme Court say it? I believe the issues are the unnecessary delay that it causes and really the burden on the litigants wherein I think it's a clear issue. I'm sorry your honor. You've written the brief. I know it will be a delay. That's always true for certification. I get that. And I understand that this court would want to certify the question to the Florida Supreme Court because it's a matter of judicial comedy and it's something that this court has done repeatedly. It's really more fundamental than that. So we don't make Florida law. You know, one thing you won't see from me is an opinion I authored on a question of state law that I publish, that I mark for publication. You want to know why? Because I don't make Florida law. This court doesn't make Florida law. Some of my colleagues sometimes they will mark those opinions for publication. That's their prerogative. But I don't do it and the reason I don't do it is because whatever we say about Florida law is just persuasive and it can't, it's not precedential at least for any Florida court. Tomorrow the Florida Supreme Court can tell us we got it wrong and we would be bound by what the Florida Supreme Court says and, you know, disagreeing with us. And while I agree with that, I think then the only issue that I would ask the court to do is to incorporate into the question whether a discovery proceeding constitutes a new action or an independent action on the original judgment. Well, when we certify a procedural context is for the question that is presented and it's not going to even be limited so much by how we word the question in deciding that issue. But you've saved most of your time for rebuttal so I don't know whether you're going to want it or not. But let's hear from Ms. O'Donnell. Thank you, your honors. May it please the court, Laro O'Donnell Griot on behalf of the Appellee's suit in Ramsey. So I guess the first thing that I would point out to the court is I don't think that the fourth DCA's opinion in Bershon on which the appellants rely is the type of intervening intermediate appellate court decision that would be able to get around this circuit's prior precedent rule. That may be right. Lord alone. But that suggests to me that we should certify it. That's part of why the question got posed to both of you. That may be right. But when I read it, it sure is persuasive to me. So I think there is a conflict. I think even Bershon acknowledges the conflict. So I think there are a couple of grounds for resolving this case without certification. I really don't think it's warranted on this controversy and this is why. First of all, I'm not really sure what the question is before this court right now. I don't believe that there is a proper question on appeal. The original question was abandoned in reply. The original question was, does the five-year or 20-year limitations period under 95.11 Florida statutes apply? And it cites a conflict in the DCA's. On reply, that argument was abandoned for an alternative argument and question on appeal that, first of all, was not raised or preserved below on reconsideration of the discovery issue. And second of all, it wasn't posed or argued in the original brief. In that question, that argument is that 95.11 doesn't apply at all. And there is no conflict. So these are mutually exclusive. This is not just a and I think that's important to consider. And so to the extent that the court would even accept or consider the question, which I don't think it should, and I'm not even sure what it is. Here's my problem. I look at 95.11 and it doesn't seem to apply to me. Well, I mean, the plain language applies to actions on a judgment. That's true. This doesn't appear to be one. Well, that's what the fourth DCA held, but that's not what the first DCA held. And that's not interestingly, if you look at even an opinion that was cited in the Pellant's original brief from the Florida Supreme Court 2001 opinion called NAD, it doesn't go. It's distinguishable because it has to do with enforcement of a foreign judgment domesticated under the Uniform Foreign Money Judgment Act. But the court says that the time constraints of FS 95.11 apply once the judgment is domesticated. Because remember once. Yeah, but that's not what happened. That's not exactly what happens here. It's not at all what happened here. Well, it puts it under the umbrella of post-judgment procedures, permitting a creditor to effectuate a judgment on a plea. But that's a judgment in this action, right? Yes, but the court didn't. It's not an action on a judgment. I mean, when I was in private practice, I handled some of those foreign country judgment actions. And you get the judgment in another country, and then you bring it here to domesticate it. And what do you do? You file a complaint in an American court against the defendant who's the judgment debtor. And you get a judgment, an American judgment, then against that debtor. But that is an action on a judgment. That's not at all what we have here. Yes and no. I mean, yes, you do file an action to get a new judgment. But none of the analyses, none of the cases that have been cited hold that just because you generate a new case number, that it's not an action for purposes of 95.11. In fact, NADD cites . . . When you move for discovery in aid of execution of a judgment entered in the action that you're moving for that discovery in, that can't be an action on a judgment, it seems to me. I know we got some prior panel precedent that suggests otherwise, but it just seems wrong to me. And with all of the conflicting authority, shouldn't we certify that question? I don't know how we resolve this case without trying to make sense of that conflicting authority. And to me, the best way to do it is to let the court that has the real authority here do it. Well, Your Honor, I think there is a conflict. I think Florida law is really all over the place on this issue. You have cases holding the 20-year statute applies under 95.11. You have cases holding the five-year statute applies. You have cases suggesting that it doesn't apply at all. And what I would submit to the court is the facts in this controversy are that the appellants, now aware of 11th Circuit precedent, saying that . . . So unlike in Balfour, which is, by the way, on all fours with this case, now we have an 11th Circuit opinion that says you have five years. Knowing that that was this circuit's precedent, they waited 10. And just like in Balfour . . . Let's be fair to them. They filed a motion to compel discovery and execution of the judgment. And the district court, sua sponte, right, denies the motion as barred by the Florida statute of limitations. That's what happened here, right? Well, they had the opportunity to argue it again on reconsideration. And they actually argued the issue that the 20-year statute under 95.11 applies as opposed to the five-year statute. That's the issue that was argued below. That's the issue that was preserved in the district court. Yeah, but their argument is the court's wrong to apply the five-year statute. That's part of their argument, correct? Yes, necessarily that's part of their argument. So they preserved that issue, whether that five-year statute in fact applies or not. I think it's a completely different thing to say 95.11 applies, and we're just arguing about which provision it is, than to shift gears, to shift the entire question on appeal and say, we're not . . . 95.11 doesn't apply at all, actually. And here's all this law on seer fascists. And a proceeding which, by the way, it's a leap. It's argued by analogy that it's the modern equivalent to some of these final processes. But it isn't exactly those processes. And even the courts, such as the older Florida Supreme Court cases that they cite, argue it as a similar process, but not the same. And so when they're arguing about the repeal of 55.15, which was the prior statute that they argue applied instead of 95.11, and now that it's repealed there is no statute of limitations according to the appellants, that argument is not . . . They haven't cited anything that equates seer fascists to this discovery process. So I think there are a lot of assumptions underlying why they argue that the statute was repealed. Maybe it was redundant. Maybe seer fascists fell out of use. There are many reasons that it could have been repealed. So I think going back to Balfour, this opinion existed. It's a binding 11th Circuit precedent. It said they had five years. They waited 10. There's no reason for the delay apparent in the record. The same thing happened in Balfour, only here it's worse because Balfour exists. In Balfour, at least, it was an issue of first impression. So I would go back to the idea that this issue really wasn't raised or preserved, that it's the question now before the court is raised for the first time on reply, that there is a conflict within the Florida DCAs that can really only be resolved by the Florida Supreme Court but is not necessary or really warranted to do that in this case with regard to this controversy, which should be decided under Balfour. Here's the thing. If we want to really get to it and be picky about this, the district court raising an issue about the statute of limitations, which is an affirmative defense, on its own, sui sponte, to me seems to be error. Well, that was not argued and again, this was a pro se. I know. That's part of the problem. Well, Your Honor, what I would say to that is they had an opportunity to address that issue below. They had two bites at the apple. Including on reconsideration. It wasn't two bites if the district judge did it sui sponte. Well, yeah, that's true. That's true. Thank you. Thank you. Thanks. We appreciate you taking this case. Yes, we do. Thank you. A very wise judge once said to me, when the court's agreeing with you, shut up and sit down. Question is, what did you learn from him? Or her? I learned that barring you having any other questions, I believe that the strength of the, my position of the Florida Supreme Court, I agree with you 100% on the fact that the fourth DCA is smarter than I am and has made the argument for me and therefore, I'm completely confident that the Florida Supreme Court will make the proper decision. Barring any questions, I better sit down and shut up. Thank you. Thank you. So, that's all we have for this morning. The court will be in recess until tomorrow.